Tom Vilsack, Attorney for Steve Bass v. Tom Vilsack, Attorney for Steve Bass Good morning, and may it please the Court. I'm Tom Lawler. I'm here representing Appellant Steve Bass. He brings to this Court an action to review a final decision made by USDA, subject to review under the Administrative Procedure Act. The case is before the Court on a motion for summary judgment made by USDA. Mr. Bass brings to the Court two errors that USDA made in making its final decision. One is that when Mr. Bass appealed the USDA 2010 determination, he held that a 1984 determination was still valid and in effect, and therefore, Mr. Bass could not question whether the 13.5 acres converted was a wetland prior to the conversion. The other error that he brings is that when USDA considered whether Mr. Bass entitled to a minimal effect exemption, it did have minimal effect exemption and only looked at the effect of the conversion on the 13.5 acres rather than on the area. On the first issue, the statute says that a certified wetland determination remains valid and in effect until the person affected by the decision requests a review. Joe Bass and Steve Bass went to their local USDA office in December of 2004. They told the agency that they wanted to clear approximately 40 acres of land and turn it into farmland. Did they ever anywhere use the words request a review? Did they ever use those words anywhere? No. What is your strongest evidence then in what they did made it clear they were requesting a review? My strongest evidence is that the agency did a review and under the agency's regulations... Did they do a review or did they just do an examination? You'll find that the language that they used in their testimony before NAD was that they did a field review. Did they do a review of the certification by the secretary? Not that they reviewed the land, did they request a review and you said they didn't use those words, but you think they did somehow implicitly. Does that suffice to request a review of the certification by the secretary? Yes, it does. Okay. Tell me why it does. It does that because the agency has not established any other procedure. You will find there's nowhere on the form to say this is a request for review. There's no boxes to check that says I'm requesting a review. The property that was involved, the tract... There was a box on the 2004-05 application that says something about it. They said check no. That is correct. There is a box on that. That's not saying I'm requesting a review. That is saying that... Wouldn't that suggest there's nothing to be reviewed? What that suggests is that when Mr. Bass... Wouldn't that suggest there was nothing to be reviewed when you say there's been no prior certification or whatever that box is? Doesn't that almost unquestionably say this is... We're doing it for the first time. In fact, isn't that what that says? No, that's not what it says. What it means. It doesn't mean that. What it says and means is that when the Bass has filled out the form, that their recollection at that time, there were no wetland terminations in effect. So was the application truthful? I can't answer that. Obviously, there was a prior determination. So it wasn't truthful then? That's correct. I'm not saying they lied about it. Would you just give an explanation for why it wasn't truthful? That representation was not accurate. That's correct. But you think, although there was a prior certification, you suggested that there wasn't any. I think that's a clear inference for your clients filling that out. Is your argument that the agency should have known from its own files? Yes, it is, Your Honor. And additional evidence that it was considered a review by the agency, that was the agency's judgment, was that it did, in fact, do a review. The agency has no statutory authority to review a prior determination unless a review is requested. So the agency could not have done a review. That hinges on the fact, though, again, that the agency should have known from their own records there was a prior certification. The statute that I refer to says that USDA may not. But I'm asking your argument. Is your argument that it had to be something independent because they did one, and to do otherwise they should have known from their own records that they couldn't do one? Isn't that your argument? My argument is that they were not fooled by the fact that the box was checked there was not a prior one. They were not fooled. They were just incompetent. I don't know about their competency. What I'm saying is they realized. It was their certification. How would they miss it? I don't think they did miss it. Oh, you think they knew about it. I think they knew about it, yes. And they reviewed it. And that's why the words that they used is a field review. They used the term review. And the statute does not allow them to issue a new decision unless there is a request for review. Is that the way it works, that you would come up and seek review and you don't tell an agency that there's been a prior determination and you just say, well, they knew? The way it works. It doesn't work that way in court. We're not in court? Understandably. But, I mean, we're dealing with an agency in which I'm not sure. I don't know what the sophistication is in terms of knowing these things. But to specifically check a box and say, no, there's been no prior determination here, and then say, well, they're reviewing that determination because they knew that I was not telling the truth, I guess, essentially. Is that the posture you put in this thing? What you're proposing, Judge, is – No, no. I don't want to propose anything. I want to give it just like it is. Your question – That is, there was a box check that said no, there was no prior determination put in 1994, and now your position is the agency was reviewing 1994 because it has to be because they knew that that was not a true statement or what we would call a false statement on the part of your client, or they knew it was a false statement and, therefore, they were reviewing it. Is that your position? It's my argument that they did know there was a 1994 determination. And I can tell you this is not in the record, but if you go to the USDA office, they have a file for every producer, and every piece of paper is in that file. So anybody that seeks to review these things, the easy way to do it is to go up to the agency and just check that box that says, I've never had one of these before, and let the agency tell them, you ought to know, and just go forward with it, and then you can bring a whole bunch of arguments up then. And is that the practice? If we write an opinion to that effect, is that what we're going to say? It sounds like to me a counsel who advises clients, if a case comes from this court on that basis, would then from then on say, check that box that says, no, it didn't happen before. Now let's file an action. I don't think that needs to be a basis for the court's decision. Not a basis, but it has to be a fact that's included in the record, and I don't think you can ignore it. You've got to figure out a way to get around having said that in the record. And the way that I argue with that issue is that wasn't the judgment of USDA. When it did its determination and its final determination, USDA did not say, you checked the box wrong. And because you checked the box wrong, that threw us off. What USDA said is, and you look in the findings of fact in their final decision. But if you checked the box right, they would have taken a double look, so that I think Judge Wynn has a very good point. And if we're not careful, the instruction from this court would be, it's malpractice to tell your client, just tell the truth. Because if you tell the truth that you had a prior review, they're going to check it, and you're going to have to overcome that. But if you check that you didn't have one, maybe they'll catch it in the files, but maybe they won't. But either way, your chances are enhanced if you don't tell the truth. There's no way in the record that we know what the agency does based on how that box is checked. Can we take that it's not there for no purpose? Can we take it's there for a purpose? We cannot say why it's there. I said it's there for a purpose. We don't know why it's there. We don't know what the purpose is. I didn't ask what the purpose was. I'm asking you, do you think it's a reasonable inference that if the form asks a question, it's just not a random question. What should Zodiac sign? You know, how tall are you? I mean, can't we take it? Isn't it a reasonable inference that if it's on that form, that it's there for a purpose? Apparently USDA thinks there is a purpose. They've never put it. You don't think there is. Your client didn't think there's any purpose. I don't think there's any purpose at all. Why didn't your client answer it then? Why didn't my client answer it? Because it was on the form. He thought it didn't mean anything to him. It didn't mean anything at all to him. I kind of think you're arguing upstream if your argument is based on a question on an application about a government program. It's just not relevant. I mean, it seems to be the inference is it is relevant. And my answer to that is that was not the judgment of the agency. And this court may come to a different conclusion. And it may be a very reasonable conclusion. But under Administrative Procedure Act review, you cannot substitute, I'm sorry, the court may not substitute its judgment for the judgment of the agency. How do we know it wasn't relevant to them? Because of the search, I mean, the recertification process they went through. If that's true, how would we know a situation where it was relevant but they decided to do a review and where they just acted as if there had been no earlier certification? How do we know that from the facts of this case since those facts weren't squarely put to them? How we know from the facts of the case is Nowhere did the agency, USDA, ever say we were deceived, we were tricked by that question. It was only brought up by the U.S. attorney in the brief of the U.S. attorney's office. And that is after the fact justification. And it may be, again, as I say, a reasonable decision. It was not the decision of the agency. So under the Administrative Procedure Act, you cannot pursue that. I've gone afield from your argument, but I'm glad to let you continue. Yes, I'm glad to answer your questions for you. I think the other issue, the other part of that error on limiting Mr. Bass's appeal to the only question of whether there was a conversion is the statute that the agency uses. I'm sorry, the regulation that the agency uses starts out with the words, Before any benefits are withheld, NRCS shall do an on-site inspection. The producer can appeal that on-site inspection, but in appealing it, they're limited to the only question of whether a conversion applied. There were no benefits being withheld in 2010. This issue was before NRCS. It was a wetland determination. So it's not NRCS that decides who gets benefits. It's not NRCS that withholds benefits. It's the Farm Service Agency that does that, another agency of USDA. So what was before the agency when the Bass's appealed this was not whether benefits were being withheld. It was whether the wetland determination was accurate. So that, in my opinion, is another reason why there was error in that decision. Well, it creates sort of a conundrum of trying to figure this out, because if you say that in 2005 that it was a review of the 1994 wetland determination, then the issues are pretty limited, at least initially, because you can only seek a review if it's a natural situation that causes a change in the topography, and I don't think you maintain that. It seems that you maintain that it was a concurrence that allowed you to do this. I would agree. And when did that concurrence occur? The concurrence occurred when, in fact, they did do a field review. Was it before you filed this in 2005, or was it after they did that? The field review was done after the form was turned in in December of 2004. So the concurrence occurred after you turned in the form. That is correct. So what gave you the basis for the review before 2004? Before. What gave you the basis for the review? It wasn't a change. The topography hadn't changed, and you tell me the concurrence only came after. So what gave the basis for the review? The statute says that... No, no, that's a simple question. I'm not trying to... That's why I was trying to give you an answer. Well, we'll let you do it if you think... Okay. But, I mean, that sounds very simple to me. It sounds very simple. You say that the basis for the review was that there was a concurrence here, but that the concurrence did not occur until after you had filed for the review. That is correct. And so I take it your position is you can get the concurrence after you file, and it all comes based upon the evidence you present. That's correct. And it's implied concurrence, I take it, because they never actually said we concurred. That's correct. It's implied. That's correct. Much like the court operates, you will not give a person a decision before they file something with the court. What was the evidence that showed the implied concurrence? The evidence that there was an implied concurrence is that the agency said that they did a field review, and they did, in fact, go to the field. They did their data collection. They went back to the office. Why were they doing a field review? Because Mr. Bass had filed a request for a review. But you told me, or did you not say, that a field review occurs once they make a determination that benefits are not going to be come forth, and there's no benefits. No. Is that the type of review you're talking about? I'm talking about in the statute. It says that it's invalid and in effect until there's a request for a review. Yes. That's the only place in the statute where the term review occurs. The agency's regulations repeat that same language. They do add the conditions you refer to. You can only ask for a review if there's been a topographical or hydrological change. Not relevant here. Or if the agency concurs that there may be something wrong with the original one. In this case, if they did not concur, they would... Which we must intuit from the... I understand your answers to Judge Wendt's questions. We have to intuit that they concurred and there was some error by the fact they went through this process. If they actually did a review, yes, I think you can intuit that because it means they concurred. If they did not occur, they would not have done the review. Thank you very much. You reserved some time. Thank you very much. Is it basic? It's basic when you're ready. Thank you. May it please the court. Good morning. My name is Matthew Fisak. I represent the United States in this appeal. I'm going to jump straight to the issue that seemed to interest the court the most. It's always a good idea. Yes. And, you know, the governing regulation that I think is before the court defines the circumstances in which review may be requested of a prior wetland determination. And as Judge Wendt pointed out, there are only two circumstances allowed, one of which is if there's a natural event which alters the topography or hydrology of the land. He doesn't say that's it. Apparently, it's based upon the NRCS. Correct. And that's right. So the first prong is not an issue. The second prong is... in the circumstances, whether the agency concurs with an affected person that an error exists in the wetland determination, the prior wetland determination. And if you dissect that provision, I would submit you have two elements, one of which is going to be a meeting of the minds between the agency and the producer. How do you do that before a review? How do you do that before you undertake a review? What if you think there might be a mistake, you're just not positive? Well, I think it's incumbent... I'm just going to say you can't request a review until you absolutely concur that there is a mistake? No, Your Honor, I think it's a process. And I think certainly... Okay, so in that process, in your opinion, if a person may not request a review until you concur that there is an error, do you just go out independently and check behind yourself to see if there is an error? No, Your Honor, I think... Do you think the concurrence in an error, that there was an error in the prior certification, is that a condition precedent to a person being able to ask for a review? No, Your Honor. I think that would be the wrong interpretation of the regulation. Well, then what are the words, say, a person may request a review... if NRCS concurs with the affected person, that an error exists? I think we're mistaking going out and what Mr. Lawler called a field review or field inspection. I mean, certainly when they fill out the form, it permits NCRS to go out... How do you request a review? By filling out the form. And you can't do that. You can't fill out that form to request a review until NRCS says there is an error. I do not believe that is true. Also, how does the landowner know, if it wishes to pursue this reclassification, how does it know that... and it's not using the meteorological change, the topographical change. How do they know they fulfilled this other... How does the landowner know that the agency concurs that there's some error in the prior determination? Because, Your Honor, there's a certification, a determination form, highly erodible land and wetland conservation... You probably have to use the microphone. I'm sorry. Let me just bring this up in front of me. There's a form. It's the USDA form 26E NCRS that's filed in every case. And that's, again, the culmination of the process. Let me ask you this. Is there a form that your agency files saying we think there is an error in our prior certification of Land Parcel 1? Yes, Your Honor. They do? Well, I mean, not explicitly, to the extent that you present it. Listen. If you could answer my question, and it's the same question Judge Agee asked. How is it that anybody knows that your agency has concurred with the landowner that there is an error in the prior certification? Which has to happen. That concurrence in the error has to happen before the landowner may file a request for you to review the whole classification again. How do you convey that concurrence? Your Honor, respectfully, I don't believe that's how the process set up to work. I've read it to you. It says a person may request review if your agency concurs with an affected person that an error exists in the current determination. What do you think that means? But I'm submitting, Your Honor, that the initial paperwork that his client filed is not a request for review as contemplated by that regulation. I know that. You know what? I've understood that answer. So my question is, when can he file the review that you think is a review that you want, that you need? When can he file that? I don't know if it's really something that's filed, Your Honor. It's a process where there's an inspection. Wait, wait, wait. So there are a number of ways a person can request a review other than actually saying, I hereby request a review of my prior certification. You can do it a lot of different ways. No, Your Honor. It's a sequential process. It begins with the filing of a form. Okay, stop. Now let me ask you, where in that sequential process is the landowner informed that your agency concurs that there is an error which will then allow him to request a review? Not until the conclusion of the process. And therefore... But he can't. In other words, he can't. How does that... You just start that of your own desire? How does a landowner get that process started? Your Honor, the process... I don't know how to... I don't think I have a satisfactory... Is it by requesting a review? It is by requesting a review, a new determination from the agency. Is requesting a new determination, in your mind, is that requesting a review? Certainly not in the facts of this case. In the facts of this case, I'm asking about the agency view. What the heck is a farmer supposed to do? Ultimately, USDA... Can I say this? You seem not to know, and you have a law degree. How's a farmer supposed to know that? What's a farmer supposed to do? I think, Your Honor, it really is not as complex of a process as I'm making it out to be, so I apologize. But just tell me again, if the farmer thinks there's a mistake, and he wants you to reconsider... Correct. What's he do? He goes to his farm services agency. He files the form that the client filed in this case. But that doesn't request a review. I think it can, Your Honor. There might be a different form. If there is, I'm not unaware of it. But I think that can start the process. That process... The service agency then refers it to NCRS. NCRS sends someone out to the property. The landowner is there, can express his opinions. Let me ask you this. What evidence is in the record that the agency in any way relied on or was affected by the falsehood in that form? You know, when he said there was no prior certification or determination. Is there any evidence that the agency cared about that? Well, Your Honor, I will say this. Just as a kind of larger matter... How about answers specifically to this case? I would submit, Your Honor, and that... Submit it based on the facts in this case. All of this is outside the record. There's no finding one way or another below or in the administrative hearing. You're telling us there's no information in the record that suggests that the agency cared about that falsehood? I would say there's no... I'm not trying to trick you. I'm trying to get an answer. There's no finding in the record as to whether the agency knew about it or relied upon it when they made the decision. Is there any evidence that it made a difference to you? I'm not trying to trick you. I'm just trying to figure this out. I mean, does that have a red herring? It looks like it's bad to me, but does it matter? Is there any evidence that it even matters? I'm not sure that it does. But certainly, in terms of whether you're attributing validity to the prior certified determination unappealed, of which Mr. Bass was on notice, the agency was, I would submit, completely unaware. Is what he did... the prior certification? Number one. Number two, did you treat it that way? No. It was treated, I would submit, as a request for a new review. And the reason being that the paperwork is actually initially filed with Farm Services Agency. And they are kind of the record keepers, the central repository. And FSA would have been the one... When you say a new review, it was a request for a new review. Review of what? I'm sorry, a new wetland determination. As if there was nothing in the past on which to... But you said the record doesn't indicate that prior certification mattered. That's what you said. Oh, I'm sorry. Maybe I missed that. Prior certification mattered because it triggered the preclusion rule, which the ALJ used to essentially preclude Mr. Bass from reopening the question of whether wetlands ever existed. That's what the ALJ said. I'm asking what's the evidence that it affected your agency. Do you understand that question? What about that false statement mattered in the agency's handling of the request? Well, I think that the fact that it says I'm requesting a new determination, there was obviously not an awareness on whoever processed the form that there was a prior certification done. The agency probably took some steps that it might not have otherwise taken when it went out and redid a whole new inspection of the field. But beyond that, I simply submit to the court that both the 1994 determination and the 2005 determination both found wetlands present on field UN2. And therefore, if you look at the second element of that test, the concurrence that an error exists, even if there was a request for review or even if the agency treated it as a request for review, there's no concurrence of an error in the prior determination because what the agency's looking for when it does these determinations are the three statutory criteria of wetlands. Hydric soils, wetland hydrology, and hydrophytic vegetation. Those were found in the initial 1994 determination. Those were again found in the 2005 determination. So there's essentially a concurrence between the two that wetlands do exist. So there's no concurrence of an error. Tell me directly in a couple sentences if you can so I can understand it. What did the former do? Did the basses do anything wrong that mattered? Or is it just that, as it works out, you didn't have to change your certification under your process and facts so they don't win whether or not they made a falsehood? Which is it? I think what the basses did wrong is they went ahead and cut down a forested wetland and turned it into a... No, no, I'm talking about as far as the review process. What did they do wrong as far as the review process? The certification review, that whole thing, classification process. What did they do wrong that mattered, in your opinion? Other than checking the box, no, I can't point the quirk to any... But you don't think, does that matter or does it matter? It just matters in how the agency... The question is, does it matter or doesn't it matter? It... If you don't know, you don't know. I don't know that matters. I do have a suspicion... I don't need land speculation. I understand. You know, in terms of the posture of this case, the only reason it matters is because... Well, doesn't it determine the extent of the review that the landowner will receive? Correct, and that's where I was just getting to, is it determines whether or not he can relitigate the question of whether wetland criteria, the three that I mentioned, were present... The 2005 action, whatever it is, is, in effect, an initial determination. They get one scope of review. If it's not an initial determination, but a carry-forward from 1994, they get a much more limited scope of review. That's true. Under the regulation, they get a more limited scope of review. I would not characterize it respectfully as a much more limited scope of review because, in fact, the ALJ spent four days on this hearing, and Mr. Lawler can correct me if I'm wrong, but I'm not sure, even though the ALJ applied this preclusion rule, I'm not sure that the ALJ actually excluded any evidence that Mr. Bass wanted to submit. The ALJ made findings with respect to credibility of those witnesses and the different expert models that were used, and the ALJ actually went and made alternative factual findings, and I do put this in my brief, but I probably should have elaborated some more, made alternative factual findings that the evidence showed all three wetland criteria were met on the form. I want you to do this for me. Sure. At some point, I want you to tell me the single strongest point or argument that means you win, and then when you sit down, I'm going to ask Mr. Lawler to respond to that. So what's the single strongest point that you win? I'd like to say two things, but I'll answer your first one, and I'll follow up. Okay, okay, I'll give you two. Thank you, Judge. With respect to affirming exactly what the ALJ did, the strongest point is that there was never a concurrence in an error between 2005 and 1994. Both determinations found wetland criteria having been met on the form prior to their conversion activities. Therefore, 1994 was still valid, and it triggers this issue preclusion rule. The second point and the second strongest argument that I'd like to make is that ultimately it doesn't matter because even if the court were to agree that the ALJ misapplied the law, the ALJ made those alternative factual findings based on a very large record after Mr. Bass was able to present all his evidence that found, as a matter of fact, where is it, findings of fact 23, 24, and 25, hydric soils, wetland hydrology, and hydrophytic vegetation were in existence, were present on the field prior to the conversion. So, you know, assuming he wins, he convinces you of his argument that there was an error of law, that ALJ shouldn't have ruled as a matter of law that he was precluded. So you think the argument is the bottom line, no matter what else happens, this was a wetlands and he couldn't do what he wanted to do, or what he did. And that fact was found in the administrative hearing. Judge Howard, in the district court opinion, found that that fact was supported by substantial evidence, and the Bass's do not carry forward that substantial evidence argument to this appeal. So now it's waived, and the district court opinion and the ALJ. So your argument is, I think I understand it. That's nice to talk about falsehoods and certifications and all that, but in reality it doesn't matter. It doesn't matter, Your Honor. Because ALJ made findings that say you win, and they haven't challenged that. Yes. Any further questions? The bottom line you're saying is that even though the ALJ did not have to make a determination as to wetlands, the fact was made. In fact, the finding was made. Yes, Your Honor. Thank you very much. Mr. Lawler. To answer your question, Judge, our best argument is that the finding, the judgment of USDA, which is contained in the written decision in 2011, was that NRCS did a wetland review. NRCS has no authority to do a wetland review unless there is a request by the producer for a review. So that finding supports that they requested a review. I will tell you that there is no such form that USDA has that's entitled Request for Review, and you can look in the National Food Security Act, 3rd edition, which applies here. It's a little difficult. It is available online, but we're now on the 5th edition. What is that again? What's that called? That's the National Food Security Act Manual, and it's referred to as NAFSAM, N-F-S-A-M. I don't think I'll be reading it, but thank you very much. You won't. Thank you, thank you. Mine's pretty ragged. I'm sure you have, but thank you. But it was in the 3rd edition that that applies. So that's our best argument is that's the decision of the agency. A court might think that something else... What about that final, what the other side said is their strongest argument, that you lose on the wetlands issue anyway, and all this stuff is just sort of red herring doesn't matter. That's because that's not what the agency decided. The agency's final decision was that the 2008 and 2010 data gathering and decision did not decide if it was a wetland prior to conversion. The agency reached back to 1994 and said we don't have to decide this. But your assertion then is what the ALJ did doesn't matter as far as finding wetlands, that you could operate under the findings of the agency and your request. Is that correct? I'm not saying that. What I'm saying is if the USDA had made its final decision... But you have to put this in context for me so I can understand. You heard the government say basically their strongest argument is all this stuff is nice to talk about, but it doesn't matter. Because the ALJ has made a finding that your client did interfere with wetlands, and so you lose, you didn't appeal that. Your response to that is? My response is that the agency determined that based on this 1994 determination that was no longer valid in effect. But he said the ALJ made that determination. That is the final decision of USDA. The National Appeals Division hearing is the final decision of the agency. So that is their final determination. So what the ALJ found doesn't matter. What the ALJ found was that there was wetlands because of the 1994 determination, which is our error, that was no longer valid in effect. I'll give you 15 seconds. Okay, if I may. I apologize. The U.S. attorney didn't bring this up in their presentation, but if I may address the minimal effect for just a minute. You have 15 seconds. 15 seconds. We do encourage the court. You've used your time. Okay, thank you. No, no, no, no. I'm going to give you 15 seconds to address. No more than that, but I want you to make your point. Okay. The USDA in this case did a minimal effects determination, and in doing that they looked at the 13.5 acres. The statute says they're to look in the area. They did not do that. The district court said that they did not exhaust their administrative remedies, and our position is there's an exception to that because it was in the record. There was no additional fact-finding necessary. Thank you very much. We won't comment right now. We won't comment. We'll step down, greet counsel, and then we'll take a very short break. The desirable court will take a brief recess.
judges: Dennis W. Shedd, G. Steven Agee, James A. Wynn, Jr.